UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM F. BROWN, JR., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> BECHTEL NEVADA CORPORATION, ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:12-cv-02129-GMN-NJK <br><br> REPORT AND RECOMMENDATION <br><br> (Docket No. 15) |

Pending before the Court is Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c). Docket No. 15. Defendant filed a response in opposition. Docket No. 16. No reply was filed. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the undersigned **RECOMMENDS** that the motion for attorney's fees be **DENIED**.[1]

The award of fees under § 1447(c) is discretionary. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). Whether attorney's fees are properly awarded turns on the strength of the defendant's arguments in removing the case to federal court. "Absent unusual circumstances, courts may award attorney's fees under §

---

[1] Although not raised by Defendant, the Court notes as a threshold matter that the motion for attorney's fees appears to be untimely. "When a party is entitled to move for attorney's fees, such motion shall be filed with the Court and served within fourteen (14) days after entry of the final judgment or other order disposing of the action." Local Rule 54-16(a). Judge Navarro issued her order remanding the case to state court on February 21, 2013. *See* Docket No. 14. Plaintiff did not file the pending motion for attorney's fees until more than three months later, on May 31, 2013. *See* Docket No. 15. Because the parties did not brief this issue, however, the Court will address the motion on its merits.

1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. Defendant vigorously disputes that fees are properly awarded, arguing, *inter alia*, that it had a strong argument in removing the case to this court. *See* Response at 2-7. Plaintiff's motion failed to discuss the reasonableness of Defendant's arguments[2] and Plaintiff did not file a reply.

Defendant's primary argument in removing this case was that Plaintiff's state law claims were subject to complete preemption under § 301 of the Labor Management Relations Act. *See* Docket No. 14 (discussing Defendant's preemption argument). While the Court has found that Defendant failed to meet its burden on that argument, the undersigned finds that Defendant had an objectively reasonable basis for removing this case. *See* Response at 2-7. Accordingly, the Court **RECOMMENDS** that the motion for attorney's fees be **DENIED**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: November 8, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Plaintiff's motion consists of roughly one page of text, which merely indicates that he prevailed on the motion to remand and that he should thus be awarded attorney's fees under § 1447(c). Docket No. 15.

2